# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1261

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
       v.                    *    District Court for the Southern
                             *    District of Iowa.
Laverne William Bieghler,    *
                             *         [UNPUBLISHED]
            Appellant.       *

_____

Submitted: September 25, 2006
       Filed:  October 3, 2006 (corrected 10/27/06)

_____

Before LOKEN, Chief Judge, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Laverne Bieghler appeals his convictions for conspiracy to manufacture methamphetamine, manufacture of methamphetamine, and endangering human life while manufacturing a controlled substance.

At trial, the government called three individuals who, pursuant to plea agreements, testified they engaged in the manufacture of methamphetamine with Bieghler. One of these witnesses testified that Bieghler asked "a lot of people" to assist in the manufacture of methamphetamine, by, among other actions, purchasing pseudoephedrine. Two of these witnesses further testified, in non-responsive answers,

that Bieghler was a felon with prison history. The district court[1] denied a motion for mistrial after the revelation of Bieghler's felon status. Further evidence established that Bieghler manufactured methamphetamine at his residence with minors living in the home. A final government witness, experienced in methamphetamine lab forensics, testified about the dangers of methamphetamine production.

After conviction, the court calculated a base offense level of 26 with an automatic three-level enhancement for endangerment of human life, leaving the base level at 29. The court then considered offense-specific conduct, adding six levels for endangering the life of a minor. The court also added three levels for "managing" criminal activity. Finally, the court denied a request for downward adjustment based upon acceptance of responsibility. This left Bieghler at an offense level of 38, with a criminal history category VI, making the advisory sentencing range 360 months to life. After considering the 18 U.S.C. § 3553(a) factors, the court sentenced Bieghler to 240-months' incarceration. Bieghler appeals, claiming insufficiency of the evidence, error by the district court in denying his motion for mistrial, and that the ultimate sentence was unreasonable.[2] We find each argument to be without merit.

Without citing authority, Bieghler claims that a lack of "forensic evidence" at trial requires reversal. Likewise, we find no authority for such a proposition. In fact, "forensic evidence" is not required for conviction. E.g., United States v. Frokjer, 415 F.3d 865, 869 (8th Cir. 2005) (noting that circumstantial evidence is sufficient for conviction). Given the above recounted evidence, we believe that, at least, a reasonable jury could have found Bieghler guilty beyond a reasonable doubt, and thus we may not reverse the conviction. Id.

---

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

[2]Bieghler also argues for inconsistent verdicts and improper application of sentencing guidelines, but both are actually insufficient evidence arguments.

Bieghler also requests reversal based on the denial of his motion for mistrial. In this regard, Bieghler suggests prosecutorial misconduct for failure to prepare witnesses, leading to the revelation of Bieghler's felon status. The trial judge has discretion to determine the prejudicial effect of such statements, and we reverse only for abuse of discretion in weighing the prejudicial statements against the strength of the government's case. United States v. Katz, 445 F.3d 1023, 1034 (8th Cir.), petition for cert. filed, No. 06-339 (Sept. 5, 2006).

Here, the district court found the answers involving Bieghler's history to be non-responsive. Given that, and that this evidence was, in part, elicited by Bieghler's own counsel on cross-examination, we seriously doubt the existence of prosecutorial misconduct. We find that the trial judge did not abuse his discretion in deciding that the strength of the government's case outweighed any possible prejudice. United States v. Beeks, 224 F.3d 741, 745 (8th Cir. 2000) (requiring consideration of cumulative effect compared with strength of admissible evidence of guilt).

Finally, Bieghler claims his sentence is unreasonable. While Bieghler made cooperative proffers pre-trial, a defendant who holds the government to its factual burden at trial is normally barred from a downward adjustment for accepting responsibility. United States v. Fuller, 374 F.3d 617, 623 (8th Cir. 2004), cert. denied, 543 U.S. 1073 (2005). Bieghler did so here and is not entitled to the downward adjustment. Given that the properly calculated advisory range was 360 months to life, a sentence of 240 months is not unreasonable.

We affirm the district court in all respects.

_____